**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| KIET NGUYEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-1356-SLP |
| | ) | |
| PAMELA BONDI, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## <u>ORDER</u>

Pending before the Court is the Report and Recommendation [Doc. No. 26] (R&R) of United States Magistrate Judge Shon T. Erwin, recommending that Petitioner be released from his detention by Immigration and Customs Enforcement (ICE) based on a finding that the continued detention of Petitioner violates his Fifth Amended due process rights.

On March 19, 2026, the Court issued an Order noting that Petitioner Khai Nguyen's Verified Petition for Writ of Habeas Corpus [Doc. No. 2] appeared moot in light of the Respondents' representation that Petitioner was removed to Vietnam. *See* Order [Doc. No. 35] at 1. The Order also indicated that unless counsel for Petitioner challenged the issue of mootness by March 26, 2026, the case would be dismissed without prejudice. *See id*. at 1-2. Petitioner nor his counsel filed any submission challenging the issue of mootness, nor did they request an extension of time to do so.

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of*

*Albuquerque,* 100 F.3d 863, 867 (10th Cir. 1996); *see also Alvarez v. Smith*, 558 U.S. 87 (2009).  At all stages of the case, the parties must have a "'personal stake in the outcome' of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–78 (1990)).  In other words, the petitioner must have suffered an actual injury that is traceable to the respondent and can be redressed by a favorable decision.  *Spencer*, 523 U.S. at 7.  Where the petitioner has been released from custody, their habeas claim is moot and should be dismissed, unless an exception to the mootness doctrine applies.  *See Riley v. I.N.S.*, 310 F.3d 1253, 1256–57 (10th Cir. 2002).

Because Petitioner is no longer in the custody of United States Immigration and Customs Enforcement, the requested relief is no longer available and cannot be redressed by a decision of this Court.[1]  *See Sule v. I.N.S.*, 189 F.3d 478, at *1 (10th Cir. 1999) (unpublished table decision); *see also United States v. Quezada-Enriquez*, 567 F.3d 1228, 1231 (10th Cir. 2009) ("Once it becomes impossible for a court to grant effectual relief, a live controversy does not exist, and a case is moot.") (citation omitted).  Furthermore, the Court does not find that any of the exceptions to the mootness doctrine apply.[2]  Accordingly, the Court finds that the case should be dismissed without prejudice as moot.

IT IS THEREFORE ORDERED that the Court DECLINES to ADOPT the Report and Recommendation [Doc. No. 26], Petitioner's Verified Petition for Writ of Habeas

---

[1] A declaration as to the lawfulness of Petitioner's detention prior to removal would be an impermissible advisory opinion.  *See Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006).

[2] In particular, there has been no showing by Petitioner that there exists "secondary or collateral consequences [which] survive his deportation." *Ferry*, 457 F.3d at 1132.

Corpus [Doc. No. 2] is DENIED as MOOT, and the matter is DISMISSED WITHOUT PREJUDICE.  A separate judgment shall be entered.

IT IS SO ORDERED this 30th day of March, 2026.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE